IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JIMMY YEARBY, | : | |
| | : | |
|   Petitioner, | : | |
| | : | 3:01-CR-02 (HL) |
| v. | : | 3:05-CV-25 (HL) |
| | : | |
| UNITED STATES OF AMERICA. | : | |

**ORDER**

    Before the Court is a Report and Recommendation (Doc.466) from United States Magistrate Judge G. Mallon Faircloth that recommends denying Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. Petitioner has filed Objections to the Recommendation (Doc. 467). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's objections and has made a de novo determination of the portions of the Recommendation to which Petitioner objects.  For the reasons stated below, the Recommendation is accepted and Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 412) is denied.

    Petitioner argues that because the Recommendation is based on credibility determinations made by the Magistrate Judge, this Court must receive live testimony from Petitioner in order to properly conduct a de novo review.  Petitioner cites <u>Williams v. Wainwright,</u> 681 F.2d 732, 732-733 (11th Cir. 1982), for the proposition that a district court must conduct a hearing in order to determine the credibility of a witness. Although a District Court Judge must determine the credibility of a witness when accepting a Magistrate Judge's recommendation based on a credibility determination, it is not necessary for the District Court Judge to conduct a hearing to

do so. See <u>United States v. Raddatz</u>, 447 U.S. 667, 676, 100 S.Ct. 2406, 2412-13 (1980) (holding district courts are not required to rehear witness testimony when accepting a Magistrate Judge's credibility findings), <u>United States v. Cofield</u>, 272 F.3d 1303, 1305-06 (11th Cir. 2001) (holding a district court was not required to rehear witness testimony when accepting a Magistrate Judge's credibility determination, but was required to rehear witness testimony when rejecting a Magistrate Judge's credibility determination).  In <u>Williams</u> the court explained that a District Court Judge may independently determine the credibility of a witness either by "accepting the determination of the [Magistrate Judge] after reading the record or by rejecting the [Magistrate Judge's] decision and coming to an independent decision after hearing the testimony and viewing the witnesses." 681 F.2d at 732-33. Therefore, because the Court accepts the Magistrate Judge's credibility determination after conducting a thorough review of the case record and the transcript of the hearing conducted by the Magistrate Judge regarding this petition, the Court need not conduct an independent hearing in order to hear live witness testimony.

In conclusion, the Magistrate Judge's Report and Recommendation is accepted and Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody is denied.

**SO ORDERED**, this the 28th day of January, 2006.

> **/s/ Hugh Lawson**
> **HUGH LAWSON, Judge**

scs